UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| MIGUEL HERNANDEZ, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. C-09-163 |
| § | |
| TEXAS DEPT OF AGING AND § | |
| DISABILITY SERVICES, et al, § | |
| § | |
| Defendants. § | |

## ORDER

On this day came on to be considered Defendants Adelaide Horn, Jon Weizenbaum, Kristi Jordan, Patti Ducayet, Teresa Richard, Barry Waller, Denise Geredine, and Iva Benson's motion for a Rule 7(a) reply. (D.E. 7.) Additionally, this Court considers Plaintiffs Inez Baltazar Hernandez et al's motion to conduct limited discovery on the qualified immunity defense and Plaintiffs' motion for an extension of time to respond to Defendants' motion for a Rule 7(a) reply. (D.E. 12.) For the reasons stated herein, the Court GRANTS Defendants' motion for a Rule 7(a) reply (D.E. 7), GRANTS Plaintiffs' motion to conduct limited discovery on the qualified immunity defense (D.E. 12), and GRANTS Plaintiffs' motion for an extension of time to respond to Defendants' motion for a Rule 7(a) reply (D.E. 12).

## I. JURISDICTION

The Court has jurisdiction over this action pursuant to federal question jurisdiction, 28 U.S.C. § 1331 because Plaintiffs bring this suit under 42 U.S.C. § 1983.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Armando Hernandez, Jr. and David P. Hernandez are mentally disabled persons committed to the care of the Corpus Christi State School (the "School"). (D.E. 1, p. 4.) At the

School, Plaintiffs were forced to fight other residents. (D.E. 1, p. 4.)  During these fights, Plaintiffs were "pushed, kicked, and punched by other residents and, at times, by the staff members themselves." (D.E. 1, p. 4.)  Plaintiffs, as a result, have suffered actual damages, including serious personal injuries, pain, mental anguish, humiliation and degradation. (D.E. 1, p. 4.)

Plaintiffs brought suit under 42 U.S.C. § 1983 on the grounds that their "constitutional rights to safe conditions of confinement and freedom from bodily restraint" had been violated by the following Defendants: Adelaide "Addie" Horn, *Commissioner of the Department of Aging and Disability Services*; Jon Weizenbaum, *Deputy Commissioner of the Department of Aging and Disability Services*; Kristi Jordan, *Director of the Center for Consumer and External Affairs, Texas Department of Aging and Disability Services*; Patty Ducayet, *State Long Term Care Ombudsman, Texas Department of Aging and Disability Services*; Teresa Richard, *Quality Assurance and Improvement, Texas Department of Aging and Disability Services*, Barry Waller, *Assistant Commissioner Provider Services, Texas Department of Aging and Disability Services*, Denise Geredine, State *Schools, Texas Department of Aging and Disability Services*, Iva Benson, *Superintendent of the Corpus Christi State School*; Stephanie Nicole Garza; Timothy Lamont Dixon; Vincent Patrick Johnson; Jesse Salazar; D'Angelo L. Riley; Guadalupe De La Rosa.

On August 3, 2009, Defendants Adelaide Horn, Jon Weizenbaum, Kristi Jordan, Patty Ducayet, Teresa Richard, Barry Waller, Denise Geredine, and Iva Benson ("Defendants") filed a motion for a Rule 7(a) reply. (D.E. 7.)  On August 21, 2009, Plaintiffs filed a motion to conduct limited discovery on the qualified immunity defense and moved for an extension of time to respond to Defendants' motion for a Rule 7(a) Reply. (D.E. 11.)  On August 24, 2009, Plaintiffs amended this motion to include a certificate of conference. (D.E. 12.)

**III.  DISCUSSION**

    **A.**    **Rule 7(a) Reply,** *i.e.***, the "Schultea Statement."**

In Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995), the Fifth Circuit addressed the heightened pleading standard applicable to qualified immunity cases in the context of § 1983 claims brought against public officials in their individual capacities.  The Court explained:

> When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff[, pursuant to Rule 7(a),] to reply to that defense in detail.  By definition, the reply must be tailored to the assertion of qualified immunity and fairly engage its allegations.  A defendant has an incentive to plead his defense with some particularity because it has the practical effect of requiring particularity in the reply.

Id. at 1433.  "This detailed Rule 7(a) reply [must] 'allege[] with particularity all material facts on which [Plaintiffs] contend [they] will establish [their] right to recovery, which … include[s] detailed facts supporting the contention that the plea of immunity cannot be sustained.'" Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997) (quoting Elliot v. Perez, 751 F.2d 1472, 1482 (5th Cir. 1985)).  In other words, the reply must allege facts that, if true, demonstrate that the individual Defendants (1) violated Plaintiffs' clearly established constitutional rights, and (2) acted objectively unreasonably in light of clearly established law.  See Santiago v. City of Houston, 232 Fed.Appx. 381, 383-384 (5th Cir. 2007).

    **B.**    **Defendants are entitled to a Rule 7(a) reply**

Defendants pleaded the affirmative defense of qualified immunity in their answer to Plaintiffs' complaint. (D.E. 8.)  Plaintiffs' current complaint does not adequately conform to the heightened pleading standard applicable to § 1983 cases against public officials in their individual capacities.  Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999) ("The Schultea rule governing the Rule 7(a) reply is an instantiation of the more general principle that 'heightened pleading' is needed in qualified immunity cases.").  With respect to the Defendants'

involvement, the complaint simply states: "The appalling mistreatment of the Plaintiffs by the staff of the Corpus Christi State School, while under the administration and supervision of the Defendant officials of the Texas Department of Aging and Disability Services and Defendant Superintendent Benson, is a deprivation of the Plaintiffs' constitutional rights to safe conditions of confinement and freedom from bodily restraint." (D.E. 1, p. 4.)  Because Plaintiffs' complaint provides only "sparse details of claimed wrongdoing by officials," this Court finds that a Rule 7(a) reply, responding to that defense in detail, is required in this case. Reyes v. Sazan, 168 F.3d 158 (5th Cir. 1999) ("Faced with sparse details of claimed wrongdoing by officials, trial courts ought routinely require plaintiffs to file a reply under Federal Rule of Civil Procedure 7(a) to qualified immunity defenses.")

The Court thus ORDERS that Plaintiffs file a Rule 7(a) reply, stating with particularity all material facts on which Plaintiffs contend they will establish their right to recover against each individual Defendant who brought this motion for a Rule 7(a) reply. See Reyes, 168 F.3d at 161. ("Heightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury.").

### C.     Plaintiffs are entitled to conduct limited discovery on the qualified immunity affirmative defense

Plaintiffs point out that "facts concerning the Defendants' involvement are largely unknown[ and] are within the possession of the Defendants." (D.E. 12, p. 2.)  The Fifth Circuit recently addressed this situation in Morgan v. Hubert, 2009 WL 1884605 (5th Cir. July 1, 2009). In that case, the Fifth Circuit explained:

> We are mindful that the protected afforded by qualified immunity applies to the lawsuit itself, and not merely to liability, and thus the issue should be resolved as early as possible.  Thus, we are reluctant to allow the case to proceed to full discovery with important questions regarding qualified immunity left unanswered.  Schultea points the

way forward. We noted there the district court's ability to tailor discovery to the defense of qualified immunity: 'The district court may … limit any necessary discovery to the defense of qualified immunity.' 47 F.3d at 1434. Such a course is called for here.

Morgan, 2009 WL 1884605 at * 6. In Morgan, the Fifth Circuit remanded the case to the district court for discovery on the issue of qualified immunity "[b]ecause key facts are unknown, and because these facts are solely within [Defendants'] possession. Id. Similarly, in the present case, Plaintiffs are entitled to limited discovery against the Defendants as to the issue of qualified immunity. The Court thus GRANTS Plaintiffs' motion to conduct limited discovery on the qualified immunity defense. Additionally, the Court GRANTS Plaintiffs' motion for extension of time to file their Rule 7(a) reply.[1]

## IV. CONCLUSION

For the reasons stated herein, Defendants' motion for a Rule 7(a) reply is hereby GRANTED (D.E. 7.), and Plaintiffs' motions to conduct limited discovery and motion for an extension of time are hereby GRANTED (D.E. 12.). Accordingly:

(1) Plaintiffs are entitled to conduct limited discovery on Defendants' qualified immunity defense. Such discovery must be completed by October 9, 2009.
(2) Plaintiffs must file, no later than 14 days after the completion of the limited discovery on Defendants' qualified immunity defense, a Rule 7(a) reply, stating with particularity all material facts on which Plaintiffs contend they will establish their right to recover against each of the Defendants who brought the motion for a Rule 7(a) reply.

SIGNED and ORDERED this 25th day of August, 2009.

_____
Janis Graham Jack
United States District Judge

---

[1] According to the Certificate of Conference, counsel for Defendants who filed the motion for a Rule 7(a) reply stated that "he was not opposed to limited discovery or an extension of time to file the Rule 7(a) reply." (D.E. 12, p. 8.)