UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MIGUEL HERNANDEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-09-163 |
| | § | |
| ADELAIDE HORN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendant Pena's Motion to Dismiss and Motion for Summary Judgment with Brief in Support (D.E. 104). In part, Defendant Marcos Pena seeks an order pursuant to Fed. R. Civ. P. 12(c) that he is entitled to judgment on the pleadings. More specifically, he complains that the Plaintiffs have not met the heightened pleading requirements triggered by the defense of qualified immunity.

In *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995), the Fifth Circuit addressed conflicting pleading principles, including: (1) the "simple, concise, and direct" pleading requirement of Fed. R. Civ. P. 8(d)(1); (2) the "deemed denied" reprieve of Rule 8(b)(6) where no reply to a defense is required; and (3) the "heightened pleading" or "more than conclusions" requirement of a plaintiff's pleading against a qualified immunity defense as required by *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit *en banc* determined that a reply to a qualified immunity defense is not required by a strict reading of the rules of civil procedure, but that the "deemed denied" rule would run afoul of the heightened pleading requirement of *Elliott*.

Thus the Fifth Circuit prescribed the procedure to be followed in order to invoke the correct pleading standard without ambushing the plaintiff:

> First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

*Schultea, supra* at 1433-34.

Before Defendant Pena was served, Defendants Adelaide Horn, Jon Weizenbaum, Barry Waller, Denice Geredine, and Iva Benson filed a Rule 7(a)(7) motion with respect to their qualified immunity defenses consistent with the *Schultea* requirements.  Neither the motion nor the resulting order (D.E. 14) addressed the claims against, or defenses of, Defendant Pena.  In Pena's initial Answer, he included a qualified immunity defense and footnoted his desire that claims against him be included in the detailed reply previously ordered pursuant to Rule 7(a)(7).  D.E. 37, p. 1, n.1.  Defendant Pena did not file a Rule 7(a)(7) motion and no action was taken pursuant to the footnote.

Plaintiffs' Fourth Amended Original Complaint (D.E. 46) reflects significant added detail to the allegations against Defendants Horn, Weizenbaum, Waller, Geredine, and Benson. However, it does not reflect a voluntary inclusion of more detailed allegations against Defendant Pena. Even then, Defendant Pena did not file a Rule 7(a)(7) motion. Instead, he filed an Amended Answer in which his previous footnote on the matter was deleted. D.E. 102.

While it is tempting to find that the Defendant has waived his Rule 7(a)(7) right to require a reply and has further waived his Rule 12(c) motion, the *Schultea* opinion is cause for restraint: "First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea, supra* at 1433. Moreover, the Court may order such a reply on its own motion. *Id.*

The Court notes, after reading the Plaintiffs' Response (D.E. 106), that the Plaintiff is in possession of additional detailed factual allegations against Defendant Pena that have not yet been added to their pleading and will not be added under the proscriptions of the scheduling order without direction from the Court. It is only proper that the full nature of the Plaintiffs' allegations be considered against the qualified immunity defense, without necessity of converting the motion for judgment on the pleadings into a summary judgment motion, even though Defendant Pena has presented such a motion with his motion for judgment on the pleadings.

For these reasons and in the interests of a "just, speedy, and inexpensive determination" of this proceeding pursuant to Fed. R. Civ. P. 1, the Court *sua sponte*

ORDERS Plaintiffs, pursuant to Fed. R. Civ. P. 7(a)(7), to file no later than November 9, 2011, a rule 7(a)(7) reply to Defendant Marcos Pena's qualified immunity defense stating with particularity all material facts on which Plaintiffs contend they will establish their right to recover against Defendant Pena.

Defendant Pena's Motion (D.E. 104) is taken under advisement pending the deadline for Plaintiffs to file their Rule 7(a)(7) reply.

ORDERED this 25th day of October, 2011.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE